DARREN J. LEMIEUX
Nevada Bar No. 9615
Email: DLemieux@lrrlaw.com
JENNIFER K. HOSTETLER
Nevada Bar No. 11994
Email: JHostetler@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
Fax: 702.949.8398
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE AVANTI DOOR GROUP, INC., formerly known as E.M. Allen Supply, <br><br> Plaintiff, <br><br> vs. <br><br> GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, formerly, FIRST COLONY LIFE INSURANCE; GENWORTH FINANCIAL, and DOE Defendants I through V, <br><br> Defendants. | Case No. <br><br> **DEFENDANTS' NOTICE OF REMOVAL** |

Defendants Genworth Life and Annuity Insurance Company, as successor in interest to First Colony Life Insurance, and Genworth Financial, Inc. (collectively "Genworth") hereby remove this action from the Eighth Judicial District Court, in Clark County, Nevada, to the United States District Court for the District of Nevada. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, which is the basis of Genworth's removal.

I.   **Introduction**

This case concerns an insurance policy that insured the life of Plaintiff's former President, Craig A. Leonard, and Plaintiff's failure to pay the 2009 policy premium. Plaintiff's complaint admits that it failed to pay the premium, but alleges that it is entitled to recover the face amount of the Policy, $500,000.00, despite the non-payment.

2005079142_1

Based on these allegations, Plaintiff filed its complaint against Genworth in state court, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Genworth is removing this action based on diversity jurisdiction as the parties have diverse citizenship and the allegations in the complaint establish that the amount in controversy exceeds $75,000.

II.  **This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332**

    A.  **There Is Diversity Of Citizenship**

        1.  Plaintiff alleges that it is a Nevada Corporation. *See* Ex. A, Compl. at ¶ I.

        2.  Defendant Genworth Life and Annuity Insurance Company, successor in interest to First Colony Life Insurance, is a Virginia corporation with its principal place of business in Richmond, Virginia.

        3.  Defendant Genworth Financial is a Delaware corporation with its principal place of business in Richmond, Virginia.

    B.  **The Amount In Controversy Exceeds $75,000**

Pursuant to 28 U.S.C. § 1332(a), in orher to establish diversity jurisdiction "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs." "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

The allegations in the Plaintiff's complaint establish that the amount in controversy in this case exceeds $75,000. In particular, Plaintiff alleges that it purchased a life insurance policy from the Defendants "with a payout provision of $500,000." Ex. A, Compl. at ¶ V. Plaintiff further alleges that it has "sustained damages in the amount of $500,000.00 by virtue of Defendants's [sic] breaches of the life insurance contract." *Id.* at ¶ LVI. Accordingly, the amount in controversy easily exceeds the $75,000 threshold for purposes of diversity jurisdiction.

### III. This Removal Is Timely

1. Plaintiff filed this action in the District Court, Clark County, Nevada on October 14, 2014.

2. Plaintiff served Genworth on October 28, 2014, through the State of Nevada Commissioner of Insurance.

3. This notice is being filed on November 21, 2014. Thus, this notice is timely as it is within the 30-day period for removal set forth in 28 U.S.C. § 1446.

### IV. Genworth Has Met All Other Requirements For Removal

1. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C § 1332.

2. Removal is proper under 28 U.S.C. § 1441(b) because neither of the Genworth Defendants are citizens of Nevada.

3. Genworth has attached copies of all process, pleadings, and orders on file with the State Court as of the date of this Notice of Removal as Exhibit A to this notice.

4. Genworth has also concurrently filed a copy of this notice in the Eighth Judicial District Court for Clark County, Nevada.

5. Genworth has served a copy of this notice upon Plaintiff's counsel.

RESPECTFULLY SUBMITTED this 21st day of November, 2014.

                        LEWIS ROCA ROTHGERBER LLP

                        BY: */s/ Jennifer Hostetler*
                            DARREN J. LEMIEUX
                            Nevada Bar No. 9615
                            JENNIFER HOSTETLER
                            Nevada Bar No. 11994
                            3993 Howard Hughes Parkway
                            Suite 600
                            Las Vegas, Nevada  89169

                            *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Pursuant to FED. R. CIV. P. 5(b), I hereby further certify that service of **NOTICE OF REMOVAL** was made this date by depositing a copy for mailing, first-class mail, postage prepaid, to the following:

>   Elizabeth J. Foley
>   Elizabeth J. Foley LTD.
>   601 S. Rancho, Suite A1
>   Las Vegas, NV 89106

DATED this 21st day of November, 2014.

>   /s/   *Judy Estrada*
>   LEWIS AND ROCA LLP

2005079142_1

4

# EXHIBIT A

BRIAN SANDOVAL           STATE OF NEVADA          BRUCE H. BRESLOW
*Governor*                                                                                                                   *Director*

SCOTT J. KIPPER
*Commissioner*



**DEPARTMENT OF BUSINESS AND INDUSTRY**
**DIVISION OF INSURANCE**
2501 East Sahara Avenue, Suite 302
Las Vegas, Nevada 89104-4137
(702) 486-4009   •   Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

October 28, 2014

Genworth Life and Annuity Insurance Company
Attn: Thomas E. Duffy, Esq.
6610 West Broad Street
Richmond, VA 23230

RE:     The Avanti Door Group, Inc. formerly known as E. M. Allen Supply vs. Genworth Life and Annuity Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-14-708505-C

Dear Mr. Duffy:

     Enclosed please find the following documents: Summons - Civil and Complaint and Demand for Jury Trial. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on October 27, 2014.

     The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

     If you have any questions regarding this service, please advise.

                                                Sincerely,

                                                SCOTT J. KIPPER
                                                Commissioner of Insurance

                               By: *Rhonda Kelly*
                                               RHONDA KELLY
                                               Service of Process Clerk

Enclosures

c:     Elizabeth J. Foley, Esq.

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons - Civil and Complaint and Demand for Jury Trial upon the following defendant in the within matter, by shipping a copy thereof, via Certified mail, return receipt requested, to the following:

> Genworth Life and Annuity Insurance Company
> Attn: Thomas E. Duffy, Esq.
> 6610 West Broad Street
> Richmond, VA 23230
> CERTIFIED MAIL NO. 7013 2250 0000 3683 4273

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 28th day of October, 2014.

*/s/ Rhonda Kelly*
RHONDA KELLY
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE: The Avanti Door Group, Inc. formerly known as E. M. Allen Supply vs. Genworth Life and Annuity Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-14-708505-C

State of Nevada, Division of Insurance
This document on which this certificate is stamped is a full, true and correct copy of the original.

Date: 10/28/14   By: *Rhonda Kelly*

-1-

BRIAN SANDOVAL  
*Governor*

STATE OF NEVADA

BRUCE H. BRESLOW  
*Director*

SCOTT J. KIPPER  
*Commissioner*



**DEPARTMENT OF BUSINESS AND INDUSTRY**  
**DIVISION OF INSURANCE**  
2501 East Sahara Avenue, Suite 302  
Las Vegas, Nevada 89104-4137  
(702) 486-4009    •    Fax (702) 486-4007  
Website: doi.nv.gov  
E-mail: insinfo@doi.nv.gov

October 28, 2014

Elizabeth J. Foley, Esq.  
Elizabeth J. Foley, Ltd.  
601 S. Rancho Drive, Suite A-1  
Las Vegas, NV 89106

RE:   The Avanti Door Group, Inc. formerly known as E. M. Allen Supply vs. Genworth Life and Annuity Insurance Company, et al.  
District Court, Clark County, Nevada  
Case No. A-14-708505-C

Dear Ms. Foley:

The Division received the service of process documents on October 27, 2014 regarding the above-entitled matter. Service has been completed on Genworth Life and Annuity Insurance Company this date and enclosed are the following:

1. A copy of our letter to Genworth Life and Annuity Insurance Company dated October 28, 2014;
2. A certified copy of the Proof of Service dated October 28, 2014; and
3. Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes (NRS)* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Sincerely,

SCOTT J. KIPPER  
Commissioner of Insurance

By: RHONDA KELLY  
Service of Process Clerk

Enclosures

c:   Genworth Life and Annuity Insurance Company

# ORIGINAL



1 **ELIZABETH J. FOLEY**
NEVADA BAR 1509
2 ELIZABETH J. FOLEY LTD.
601 SO. RANCHO, SUITE A1
3 LAS VEGAS, NEVADA 89106
(702)363-2323
4 Fax: (702)380-4035
Email: Efoleylawyer@gmail.com
5 Attorney for Plaintiff
Avanti Door Group, Inc.

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| THE AVANTI DOOR GROUP, INC, formerly known as E. M. Allen Supply,<br><br>Plaintiff,<br>v.<br><br>GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, formerly, FIRST COLONY LIFE INSURANCE; GENWORTH FINANCIAL, and DOE Defendants I through V<br><br>Defendants. | CASE NO. A-14-708505-C<br>DEPT. NO. II |

### SUMMONS - CIVIL
**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANTS:** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and failure

*[Left margin: ELIZABETH J. FOLEY LAWYER, LTD. 601 S. Rancho Drive, Suite A-1 Quail Park II Las Vegas Nevada 89106 Phone: (702) 363-2323 • Fax: (702) 380-4035]*

*[Stamp: RECEIVED OCT 27 2014 DIVISION OF INSURANCE STATE OF NEVADA]*

to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The state of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF COURT

By: _____   OCT 2 3 2014
       Deputy Clerk                              Date

Submitted by:

_____
ELIZABETH J. FOLEY
NEVADA BAR: 1509
601 South Rancho Drive, Suite A-1
Las Vegas, Nevada 89106

- 2 -

Electronically Filed
10/14/2014 03:03:24 PM

[signature]

CLERK OF THE COURT

RECEIVED
OCT 27 2014
DIVISION OF INSURANCE
STATE OF NEVADA

1  **COMP**
   **ELIZABETH J. FOLEY**
2  NEVADA BAR 1509
   ELIZABETH J. FOLEY LTD.
3  601 SO. RANCHO, SUITE A1
   LAS VEGAS, NEVADA 89106
4  (702)363-2323
   Fax: (702)380-4035
5  Email: Efoleylawyer@gmail.com
   Attorney for Plaintiff
6  Avanti Door Group, Inc.

7              DISTRICT COURT

8           CLARK COUNTY, NEVADA

9  THE AVANTI DOOR GROUP, INC, formerly        )
   known as E. M. Allen Supply                 )
10                                             )
                                               )
11           Plaintiff,                        )  CASE NO. A-14-708505-C
                                               )  DEPT. NO. II
   v.                                          )
12                                             )
   GENWORTH LIFE AND ANNUITY                   )
13 INSURANCE COMPANY, formerly,                )
   FIRST COLONY LIFE INSURANCE;                )
14 GENWORTH FINANCIAL,                         )
   and DOE Defendants I through V              )
15                                             )
             Defendants.                       )
16 _____ )

17      **COMPLAINT AND DEMAND FOR JURY TRIAL**

18      Plaintiff, THE AVANTI DOOR GROUP, INC., (hereafter referred to as "Avanti", by and

19 through their attorney ELIZABETH J. FOLEY, hereby complains of Defendants as follows:

                        I.

20      The Avanti Door Group is a Nevada Corporation formed on or about April 28, 1975.

                        II.

21      The Avanti Door Group owns and is successor in interest to the business formerly known

22 as E. M. Allen Supply Co.

                        III.

23      Defendant Genworth Life and Annuity Insurance Company is the successor to FIRST

24 COLONY LIFE INSURANCE.

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 • Fax: (702) 380-4035

IV.

The Defendants may have done business under other corporate names so Plaintiff has included DOE Defendants I through V herein and will seek leave to amend this Complaint to properly name any other Defendants as may be appropriate under the circumstances.

V.

On or about May 19, 1989, Plaintiffs tendered a payment in the amount of $1,230.00 to purchase a policy of Life Insurance with a payout provision of $500,000.00 on the life of Craig A. Leonard, who was the President of E. M. Allen Woodworking Supply, and thereafter The Avanti Door Group.

VI.

The premium paid by Plaintiff to Defendants for 1990, policy year one, was $3,060.00.

VII.

The premium paid by Plaintiff to Defendants for 1991 was $3,895.00.

VIII.

The premium paid by Plaintiff to Defendants for 1992 was $4,835.00.

IX.

The premium paid by Plaintiff to Defendants for 1993 was $5,715.00.

X.

The premium paid by Plaintiff to Defendants for 1994 was $6,695.00.

XI.

The premium paid by Plaintiff to Defendants for 1995 was $8,185.00

XII.

The premium paid by Plaintiff to Defendants for 1996 was $9,995.00.

XIII.

The premium paid by Plaintiff to Defendants for 1997 was $12,130.00

### XIV.

The premium paid by Plaintiff to Defendants for 1998 was $14,505.00

### XV.

The premium paid by Plaintiff to Defendants for 1999 was $16,495.00.

### XVI.

The premium paid by Plaintiff to Defendants for 2000 was $18,695.00

### XVII.

The premium paid by Plaintiff to Defendants for 2001 was $21,045.00.

### XVIII.

The premium paid by Plaintiff to Defendants for 2002 was $23,520.00

### XIX.

The premium paid by Plaintiff to Defendants for 2003 was $25,940.00.

### XX.

The premium paid by Plaintiff to Defendants for 2004 was $27,525.00.

### XXI.

The premium paid by Plaintiff to Defendants for 2005 was $30,610.00.

### XXII.

The premium paid by Plaintiff to Defendants for 2006 was $33,575.00.

### XXIII.

The premium paid by Plaintiff to Defendants for 2007 was $36,745.00.

### XXIV.

The premium paid by Plaintiff to Defendants for 2008 was $40,660.00.

### XXV.

The premium due from Plaintiff to Defendants for 2009 was $45,310.00.

### XXVI.

Plaintiff received an invoice for $45,310.00 in 2009 from Genworth Life and Annuity Insurance.

## XXVII.

Defendants Genworth failed to advise Plaintiff that it had the option of utilizing its cash surrender value to make the premium payment.

## XXVIII.

Defendants Genworth failed to advise Plaintiff that it had the option of borrowing against the policy to make the premium payment.

## XXIX.

Defendants Genworth knew that the named insured, Craig A. Leonard, was in poor health and, in fact, repeatedly raised the life insurance premium on Mr. Leonard's life.

## XXX.

An employee of Morrisey Insurance Services contacted First Colony Insurance on or about December 1, 2009 and was told that there was no cash value on Mr. Leonard's policy.

## XXXI.

Morrisey Insurance Services wrote to Defendants, Genworth Life Policy Service, on behalf of the Plaintiff requesting written information as to whether or not Craig Leonard's Life Insurance Policy had cash surrender value and if not, for an accounting of when and how the cash value had been used.

## XXXII.

Morrisey Insurance contacted Defendants to inquire as to the Plaintiff's options under the policy, but Defendants failed and refuesed to respond to the inquiries made on Plaintiff's behalf.

## XXXIII.

During 2009, Plaintiff's CPA began contacting Defendants Genworth to inquire about a policy loan against the cash value of the policy, but Defendantss failed and refused to respond to her inquires.

## XXXIV.

The policy itself states on its face that cash values are not available until the sixteenth policy year or thereafter.

- 4 -

XXXV.

The 2009 premium of $45,310.00 was invoiced during the twentieth year of the policy.

XXXVI.

The policy had significant cash value at the time of the premium coming due.

XXXVII.

The Plaintiff was not allowed to borrow against the cash value of the $500,000.00 policy prior to Craig A. Leonard's death because of Defendants's tactics.

XXXVIII.

The Defendants owed Plaintiff a duty to properly inform Plaintiff of its rights under the policy.

XXXIX.

On October 17, 2010, Craig A. Leonard died.

FIRST CLAIM FOR RELIEF

(Breach of Implied Covenant of Good Faith and Fair Dealing)

XXXX.

The Plaintiff repeats and realleges all allegations contained in paragraphs One through Thirty-nine of the Complaint and incorporates by reference those allegations herein.

XXXXI.

The Defendants as the insurer, owed a fiduciary duty to the Plaintiff, its insured.

XXXXII.

The Defendants owed Plaintiff a duty of good faith and fair dealing.

XXXXIII.

The Defendants breached its fiduciary duty to the Plaintiff.

XXXXIV.

The Defendants breached the implied covenant of good faith and fair dealing contained in the policy contract with respect to the Plaintiff.

-5-

XXXXV.

Due to the Defendantss failure to timely respond to the Plaintiff's inquiries made by Plaintiff's agents, the insurance agent of Plaintiffs filed a Complaint with the Insurance Commissioner of the State of Nevada.

XXXXVI.

The Nevada Insurance Commissioner ordered the Defendantss to respond to Plaintiff's inquiries.

XXXXVII.

Because the Defendants breached its fiduciary duties to the Plaintiff and breached the implied covenant of good faith and fair dealing, the Plaintiff was damaged in that it has not been paid the face value of the policy on Craig A. Leonard's life.

XXXXVIII.

Defendants's breaches of fiduciary duty and the implied covenant of good faith and fair dealing were malicious and oppressive.

XXXXIX.

The Plaintiff requested that the Defendants mediate this dispute with Plaintiff and Defendants failed and refused to do so which necessitated the filing of this Complaint.

SECOND CLAIM FOR RELIEF

(Breach of Contract)

L.

The Plaintiff repeats and realleges all allegations contained in Paragraphs One through Forty-nine of the Complaint and incorporates by reference those allegations herein.

LI.

The Plaintiff and Defendants were parties to a contract of life insurance.

LII.

The Plaintiff complied with the terms of the life insurance contract and was entitled to the benefits of the contract.

- 6 -

## LIII.

Benefits of the life insurance contract included the right to access the cash surrender value to make premium payments to keep the policy in good standing; and the right to borrow against the policy.

## LIV.

The Defendants breached the life insurance contract by failing to respond timely to the Plaintiff's agents' inquiries concerning the cash surrender value of the life insurance policy and the possibility of a policy loan.

## LV.

By virtue of its breaches of the life insurance contract, Defendants deprived the Plaintiff of the benefits of the life insurance contract, including the right to collect face value upon the death of the named insured.

## LVI.

The Plaintiff has sustained damages in the amount of $500,000.00 by virtue of Defendants's breaches of the life insurance contract.

## THIRD CLAIM FOR RELIEF

(Unjust Enrichment)

## LVII.

The Plaintiff repeats and realleges all allegations contained in Paragraphs One through Fifty-six of the Complaint and incorporates by reference those allegations herein.

## LVIII.

The Plaintiff has paid to the Defendants life insurance premiums which total in excess of $345,000.00.

## LIX.

The Defendants has earned investment income on those premiums since policy inception in 1989.

LX.

The Defendants has been unjustly enriched by virtue of the circumstances of this life insurance contract.

LXI.

The Defendants should be required to disgorge the amounts for which it has been unjustly enriched.

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

1) For compensatory damages in excess of $10,000 for Defendants's breaches of contract;

2) For compensatory damages in excess of $10,000 for Defendants's breaches of fiduciary duty;

3) For damages in excess of $10,000.00 on Plaintiff's claim for unjust enrichment;

4) For exemplary damages in excess of $10,000 for Defendants's breaches of the implied covenant of good faith and fair dealing;

5) For Costs of this action;

6) For reasonable attorneys fees;

7) For such other and further relief as this Court should deem proper.

DATED this 14 day of October, 2014.

*[signature]*
ELIZABETH J. FOLEY
601 So. Rancho Drive, Suite A-1
Las Vegas, Nevada   89106
Phone: (702) 363-2323
Fax: (702)380-4035
*Attorney for Plaintiff*

- 8 -

## DEMAND FOR JURY TRIAL

Plaintiff, The Avanti Door Group, Inc. hereby demands trial by jury of all issues so triable set forth in the Complaint.

*[signature]*
ELIZABETH J. FOLEY

ELIZABETH J. FOLEY
LAWYER, LTD.
601 S. Rancho Drive, Suite A-1
Quail Park II
Las Vegas Nevada 89106
Phone: (702) 363-2323 • Fax: (702) 380-4035